[L. A. No. 8735. In Bank.—September 19, 1925.]

## JOHANNA LESEM, Petitioner, v. FRANK C. COLLIER, Judge, etc., Respondent.

[1] APPEAL—REFUSAL TO SETTLE BILL OF EXCEPTIONS—ELECTION TO PROCEED UNDER ALTERNATIVE METHOD—NEW TRIAL.—The action of a trial court in refusing to settle a bill of exceptions embodying matters relating to the striking from the files of affidavits offered by appellant in support of a motion for a new trial was justified where the appellant had elected to proceed with the appeal under the so-called alternative method, and could under such method have the trial court's order striking said affidavits from the files reviewed.

[2] ID.—METHODS OF APPEAL.—When any person desires to appeal from any judgment of the superior court to the supreme court or any of the district courts of appeal, he may, in lieu of preparing and having settled a bill of exceptions, in order to present a record on appeal for the purpose of having reviewed any matter or order reviewable on such appeal, request that a transcript be made up as provided in section 953a of the Code of Civil Procedure.

(1) 4 **C. J.**, p. 310, n. 64 New, p. 685, n. 24.   (2) 4 **C. J.**, p. 420, n. 49, p. 685, n. 24.

PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County to settle a bill of exceptions. Frank C. Collier, Judge. Writ denied.

The facts are stated in the opinion of the court.

J. L. Murphey for Petitioner.

Paul Barksdale D'Orr and G. A. McElroy for Respondent.

THE COURT.—Petitioner is seeking a writ of mandate to compel the respondent, as judge of one of the departments of the superior court of Los Angeles County, to settle a bill of exceptions. An action, entitled "Edith Terry v. Johanna Lesem et al.," was brought to trial in the court

1.  See 2 **Cal. Jur.** 567.
2.  See 2 **Cal. Jur.** 614.

presided over by respondent, and findings and judgment in favor of the plaintiff and against this petitioner were duly made and entered. Petitioner thereupon served and filed her notice of intention to move for a new trial. Subsequently she applied to the court for an extension of time within which to prepare, serve, and file affidavits in support of the motion, and the court made and entered an order granting thirty days additional to the time allowed by law. Thereafter petitioner served the affidavits upon the attorneys for the plaintiff in the action and upon her codefendant, and filed the same with the clerk of the court. The plaintiff in the action thereupon served on petitioner notice of the hearing of the motion for a new trial on the day fixed, and, at the same time, gave notice that on the hearing of the motion she would move the court for an order striking the defendant's affidavits from the files, on the ground that they were filed too late. On the day following, petitioner served on plaintiff and upon her codefendant a notice that she would bring her motion on for hearing on the day noted by plaintiff, and would then move the court for a new trial upon the minutes of the court, the records and proceedings in the action, and upon her affidavits then on file.

When the parties appeared in court on the hearing of the several motions, the plaintiff moved the court to strike the affidavits from the files upon the ground that the same were not served and filed within the time prescribed by law. The defendant, in opposition to the motion to strike from the files, introduced in evidence the order of the court granting her additional time within which to file the affidavits, together with an unqualified acknowledgment of service of the notice of the extension of time upon counsel for plaintiff. The court, however, made its order striking the affidavits from the files, and thereupon proceeded to hear the motion for a new trial. After such hearing the motion for a new trial was denied.

The petitioner then filed notice of appeal to the supreme court from the judgment made and entered in the action, and in her notice asked for a review of the order refusing her a new trial. She also filed with the clerk of the court a request for a transcript of the pleadings, proceedings, and evidence to be made up as a transcript on appeal under sec-

tion 953a of the Code of Civil Procedure. In addition to the request for preparation of transcript, petitioner prepared a bill of exceptions containing the matters relating to the order of the court striking her affidavits from the files, which in due time she presented to the court for settlement. On the objection of the plaintiff in the action, the respondent refused to settle or sign the bill of exceptions on the ground that, as a transcript of the proceedings in the action had been required under section 953a of the Code of Civil Procedure, the defendant was in position to have presented to this court for its consideration all the proceedings relating to the motion for a new trial, including the action of the court in striking out the affidavits, without the necessity of the preparation of any additional bill of exceptions. Thereupon the defendant applied to this court for a writ of mandate to compel settlement and certification of the bill.

[1] The action of the lower court in refusing to settle the bill of exceptions must be sustained. Petitioner is, of course, entitled to have the question of the correctness of the respondent's order striking her affidavits from the files in the proceedings on motion for a new trial considered by this court, and is entitled to have a record made up in order to properly present the question here; but, having elected to proceed under the alternative method, there was no necessity for the preparation or settlement of the bill of exceptions embodying the matters relating to the striking of her affidavits from the files. Upon an appeal from a judgment the court may review any order on motion for a new trial. (Code Civ. Proc., sec. 956.) [2] When any person desires to appeal from any judgment of the superior court to this court or any of the district courts of appeal, he may, in lieu of preparing and having settled a bill of exceptions, in order to present a record on appeal for the purpose of having reviewed any matter or order reviewable on such appeal, request that a transcript be made up, as provided in section 953a of the Code of Civil Procedure. That section, in part, provides that if the judgment, order, or decree appealed from be not included in a judgment-roll, the party desiring to appeal shall, on the filing of the notice of the clerk that the transcript is about to be presented to the judge for his approval, specify such of the pleadings, papers, records, and

files in the action as he desires to have incorporated in the transcript, in addition to the matters required by the section, "and the same shall be included." It appears by the return made and filed herein that, on the refusal of the respondent to certify and sign the bill of exceptions, the petitioner did file with the clerk of the court the additional or amended notice and request for a further transcript to include the matters, papers, and orders arising, considered and made on the motion for a new trial. No doubt, therefore, the proper proceedings will be embodied in the transcript on appeal which the petitioner has requested to be prepared.

For these reasons the petition for the writ of mandate must be denied, and it is so ordered.